BALL *v.* DANFORTH.

An amendment introducing a new cause of action cannot be allowed against a defaulted defendant without notice.

ASSUMPSIT, upon the common counts. Facts found by the court. The defendant was defaulted. Subsequent attaching creditors appeared, and objected to the allowance of a bank note for $500, which the plaintiff had signed as surety for the defendant, but on which he had paid nothing at the time of the trial.

The plaintiff moved to amend by inserting in his declaration two additional special counts, the first alleging a promise on the part of the defendant to pay to the plaintiff five hundred dollars in consideration of a promise by the plaintiff to pay the bank note; the second, that the plaintiff assumed and agreed to pay the bank note, and that, in consideration of such promise, the defendant promised to pay the plaintiff five hundred dollars.

The amendment was allowed, and the creditors excepted.

*A. S. Wait* and *H. W. Parker*, for the plaintiff.

*Ira Colby*, for subsequent attaching creditors.

CARPENTER, J. The amendment contained in the new counts on the special contract could not be allowed against the defaulted defendant without notice. Although it is found that it was " agreed that the writ should be made large enough to cover all the indebtedness of the defendant to the plaintiff, including the bank note," yet, so far as appears, the defendant was not a party to the hearing upon which the finding was made, and is not affected by it.

Whether the parties understood that the defendant promised to pay the amount of the bank note on demand before the plaintiff paid the bank, or whether upon any ground there was at the commencement of the suit a breach of the contract on which the

counts could be maintained, are questions upon which the reserved case is not explicit or satisfactory, and on this point a new trial is granted.

*Case discharged.*

All concurred.